# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2586 | **DATE** | April 25, 2012 |
| **CASE TITLE** | Ryishie Robinson (2010-1006244) vs. Sheriff of Cook County Medical Staff | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3). is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.10 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is granted. The Court appoints Mr. Larry L. Saret of Michael Best & Fredrich LLP, Two Prudential Plaza, 180 North Stetson Avenue, #2000, Chicago, IL 60601 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Mr. Saret is instructed to consult with his client and investigate plaintiff's claims under counsel's Fed. R. Civ. P. 11 obligation. Plaintiff is instructed to submit a proposed amended complaint by no later than June 11, 2012. If appointed counsel is unable to file an amended complaint, he should so inform the Court. The case is set for status on June 19, 2012 at 8:30 a.m. The Clerk is instructed to mail a copy of this order to Mr. Saret.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff Ryishie Robinson, a Cook County Jail detainee, has brought a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.10. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

## STATEMENT

Turning to the initial review of the complaint, plaintiff alleges that he has been requesting Cook County Jail officials to see an "eye doctor" (he does not say whether an optometrist or ophthalmologist) since July 2011. He suffers from severe headaches and cannot read written materials including his legal mail because of his poor vision. Plaintiff must rely upon other detainees to read materials for him. He further alleges that he has seen medical officials for other ailments but his vision requests have gone unanswered.

"A delay in treatment may constitute deliberate indifference if the delay . . . unnecessarily prolonged an inmate's pain," *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy*, 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007)), and this may include pain caused by uncorrected vision problems. *See Starks v. Powers*, No. 02 C 1252, 2006 WL 929359, at *5 (S.D. Ill. Apr. 10, 2006) (citing *Koehl v. Dalsheim*, 85 F.2d 86, 87 (2d Cir. 1996)) (severe double vision and loss of depth perception resulting in prisoner becoming almost sightless without glasses resulted in deliberate indifference claim); *Benter v. Peck*, 825 F. Supp. 1411, 1416-17 (S.D. Iowa 1993) (entering injunctive relief instructing that prisoner be given glasses when he was legally blind without them); *but see Lavin v. Hulick*, No. 09 C 477, 2010 WL 2137250, at *6 (S.D. Ill. May 27, 2010) (concluding that depriving an inmate of eyeglasses for three weeks with the only resulting harm of being unable to read and no physical harm did not result in deliberate indifference). Plaintiff has set forth a claim that his repeated requests to address his pain caused by his vision difficulties have gone unanswered.

In addition, plaintiff's assertion that he is unable to read his legal materials raises the question of what impact this limitation has had on his ability to assist in preparing a defense to any pending state criminal charges. Within the arena of considering a criminal defendant's mental competency to stand trial, the Supreme Court instructs that a defendant must be able to able to "assist in preparing his defense" in order to be subjected to trial. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (citations and emphasis omitted). Extrapolating that principle to the present situation, the Court must question what impact, if any, plaintiff's alleged unmet vision needs has had (or could have) on his ability to defend himself in any pending state criminal proceeding.

The Court is not suggesting that a visually impaired person cannot stand trial — plaintiff recognizes that he has received assistance from others to read his papers and he (or others assisting him) have drafted the complaint at issue in this case. Instead, the Court raises the point to demonstrate that this case (as presently presented by plaintiff's pro se complaint) sets forth an issue more complex than those traditionally found in routine pro se detainee conditions of confinement cases. As such, this case is best litigated with the assistance of counsel for plaintiff. *Pruitt v. Mote*, 503 F.3d 647, 655-56 (7th Cir. 2007) (en banc).

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is granted. The Court hereby appoints Mr. Larry L. Saret of Michael Best & Fredrich LLP, Two Prudential Plaza, 180 North Stetson Avenue, #2000, Chicago, IL 60601 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Mr. Saret is instructed to consult with his client and investigate plaintiff's claims under counsel's Fed. R. Civ. P. 11 obligation.

Plaintiff is instructed to submit a proposed amended complaint by no later than June 11, 2012. If appointed counsel is unable to file an amended complaint, he should so inform the Court.

The parties are reminded that this case is limited to plaintiff's claim regarding the failure to address his vision needs at the Cook County Jail and any associated claims. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The Court emphasizes that its mention of plaintiff's pending criminal proceeding and alleged unmet vision needs were only discussed

| STATEMENT |
|---|
| within the context of appointing counsel in this case. The Court will not allow this case to improperly interfere with plaintiff's state criminal case. *See Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007) (citing *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Younger v. Harris*, 401 U.S. 37, 43 (1971)); *Simpson v. Rowan*, 73 F.3d 134, 137-38 (7th Cir. 1995). |