Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2586 | **DATE** | June 14, 2012 |
| **CASE TITLE** | Ryishie Robinson vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

The Court has reviewed plaintiff's amended complaint, 28 U.S.C. 1915A. The Clerk is instructed to file the amended complaint. (Dkt. No. 12). Plaintiff's official capacity claims against defendants Dart, Hart and Fagus and John Doe are dismissed without prejudice. Plaintiff is given leave to submit a second proposed amended complaint if he so desires. Plaintiff may proceed with his individual capacity claim against the John Doe defendant and he may conduct discovery on Sheriff Dart to determine the John Doe defendant's identity. The Clerk is instructed to issue a summons for service on Sheriff Dart only. The U.S. Marshals Service is appointed to effectuate service on the defendant. The summonses previously issued as to defendants David Fagus and Avery Hart are quashed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The Court has reviewed the proposed amended complaint submitted by plaintiff through counsel. (Dkt. No. 12). Even though plaintiff is represented by appointed counsel, the Court must perform an initial review of the complaint under 28 U.S.C. § 1915A and the Prison Litigation Reform Act because plaintiff is a prisoner bringing suit against a governmental entity.

The complaint alleges that a John Doe official at the Cook County Jail was deliberately indifferent to plaintiff's objectively serious medical needs regarding his inability to see an optometrist. This allegedly resulted in unnecessary delay and pain. As previously explained by the Court's April 25, 2012 order, this sets forth a deliberate indifference claim under 42 U.S.C. § 1983 against the John Doe defendant in his individual capacity. (Dkt. No. 6).

However, plaintiff's choice of named defendants is problematic. He names all defendants in their official capacity. (Dkt. No. 12 at 7). Dart, Hart and Fagus are supervisory officials. Dart is the Sheriff of Cook County, Hart is the Medical Director at the Jail, and Fagus is the Chief Operating Officer of Cermak Health Services of Cook County. There is no indication from the complaint that the supervisory defendants Dart, Hart and Fagus were personally involved with the alleged mistreatment.

A suit against defendants in their official capacity is, in actuality, a suit against their employer, Cook County. *See Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). "A municipality may be held liable for a constitutional deprivation under *Monell* [*v. New York City Dep't Soc. Servs.*]" *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482

F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 . . . a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

There is no allegation in the complaint that Cook County has an express policy of the denial of vision care. Furthermore, there is only plaintiff's event alleged and this would not plausibly suggest the existence of a widespread and permanent practice. *King v. Kramer*, __ F.3d __, No. 11-2204, 2012 WL 1889765, at *4-*7 (7th Cir. May 25, 2012); *Calhoun v. Ramsey*, 408 F.3d 375, 380-81 (7th Cir. 2005). Thus, the complaint fails to state a claim against Cook County via an official capacity claim.

Plaintiff should also be aware that he cannot seek punitive damages from a municipality, punitive damages are only available for claims against individuals. *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 916 (7th Cir. 2010) (citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)).

Plaintiff has not named Dart, Hart or Fagus in their respective individual capacities, he only names John Doe in his individual capacity. However, if he decides to name supervisory defendants in their individual capacity, plaintiff should be aware that their status as supervisors is not enough to make them personally liable for the alleged misconduct. "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell*, 436 U.S. at 691; *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). However, supervisors may violate the Constitution resulting in their own individual liability if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

This leaves plaintiff's claim against John Doe defendant in his individual capacity. He was allegedly personally responsible for the unconstitutional conduct. Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. He cannot obtain service (and relief) from a John Doe defendant, he must determine his name.

Plaintiff has already named Sheriff Dart. Once an attorney has entered an appearance on his behalf, the plaintiff may send defense counsel interrogatories eliciting information regarding the identity of the John Doe defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendant's identity, he may submit a proposed amended complaint that names the Doe defendant under his actual name. A summons will then issue for service on the Doe defendant. Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). He must submit a proposed amended complaint naming the identity of the John

## STATEMENT

Doe defendant within the statute of limitations period if he wishes to proceed against him. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).